## No. 10,205

### Orleans

## FRERICHS LUMBER CO., LTD., v. MOSES

(June 18, 1928. Opinion and Decree.)
(September 4, 1928. Rehearing Refused.)

Frank Soule, of New Orleans, attorney for plaintiff, appellant.

Bertrand I. Cahn, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This suit grows out of the sale of a quantity of lumber. Plaintiff sold and defendant bought 1406 feet of "First and Second" Black Walnut Lumber and executed a trade acceptance for $508.40, the agreed price of the lumber, payable in sixty days.

The acceptance was dishonored, and this suit followed. The defendant pleads a failure of consideration in that the lumber was not "thoroughly seasoned and dry" in accordance with the terms of the contract.

The defendant is a manufacturer of high grade furniture, and plaintiff a dealer in hardwood lumber. Defendant in his testimony asserts that he bought "bone dry lumber" and that, although the lumber delivered by plaintiff was "First and Second Black Walnut," a designation well understood in the trade, it was not "bone dry" and, consequently, it warped when used as veneer in the manufacture of furniture, due to its moisture content. He exhibited several warped pieces, which he said were cut from the lumber of plaintiff. He had used something less than one-half of the lumber.

But defendant did not give the order to plaintiff's salesman personally. The order was given verbally by someone in his employ and therefore his testimony that the lumber was to be bone dry is not convincing. Moreover, no contention of this nature is made prior to his taking the stand. He called upon plaintiff's lawyer, and simply asked for time, stating that he would pay when he collected a sum of money due him by the West End Country Club. Several letters were written to plaintiff by defendant and no reference made to "bone dry" lumber. His answer does not raise this issue and he testifies that he sometimes uses the grade of lumber delivered. He signed the acceptance three weeks after the lumber was delivered. An officer of plaintiff corporation testified that the warped pieces exhibited by defendant were not sold by plaintiff because wider than any lumber kept in its stock and that the lumber delivered was dry, but not bone or kiln dry. That kiln dry lumber costs $10.00 per thousand feet more than air dry lumber.

The evidence is most persuasive and convincing in plaintiff's favor, consequently the judgment appealed from is reversed and it is now ordered that plaintiff, Frerichs Lumber Company, Ltd., have judgment against defendant, Harry L. Moses, in the sum of $508.40, with legal interest from judicial demand and all costs.